**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAVID HALPERIN, *et al.*,          :
                                    :
         Plaintiffs,                :
                                    :
    v.                              :  Civil Action No. 01-1702 (JR)
                                    :
THE ISLAMIC REPUBLIC OF IRAN, *et*  :
*al.*,                              :
                                    :
         Defendants.                :

**MEMORANDUM ORDER**

After more than two and a half years of inactivity, and apparently only because prompted by an order requiring them to file a status report, plaintiffs have moved for a "discovery schedule," and for an order requiring the Islamic Republic of Iran to respond to discovery requests. There is no basis in law or the practice of this Court for such an order to be issued against a foreign sovereign that is already in default, and such an order would in any event be an exercise in futility. The motion is **denied.**

Plaintiffs sued the Islamic Republic of Iran (and the Iranian Ministry of Information and Security and Ayatollah Ali Hoseini Khamenei) on August 7, 2001. Service was returned unexecuted on September 18, 2001 but subsequently made as to the Islamic Republic of Iran through the United States Department of State on January 11, 2002. On February 11, 2002, plaintiffs submitted an affidavit in support of default, and default was

duly entered by the Clerk on February 20, 2002.  Plaintiffs moved for the issuance of letters rogatory on April 10, 2002.  That motion was granted on May 2, 2002.  The letter requesting judicial assistance was signed the next day.  Nothing has happened since then.

The cases upon which plaintiffs rely for the proposition that I should now order the Republic of Iran to respond to discovery are inapposite.  In <u>Bayer & Willis, Inc. v. Republic of Gambia</u>, 283 F. Supp.2d 1 (D.C.D.C. 2003), the discovery that Judge Sullivan authorized was against <u>third parties</u> alleged to be agencies or instrumentalities of the defaulting sovereign.  <u>AmerNational Industries, Inc. v. Action-Tungsram, Inc.</u>, 925 F.2d 970 (6th Cir. 1991), had nothing to do with discovery after the entry of default.  It did deal with the question of whether a default judgment may be entered as a sanction for failure or refusal to make discovery, but the decision does not provide support for an effort (if such is plaintiffs' intent) to set up a new requirement for the Government of Iran to make discovery, the violation of which would now provide all the support necessary for the entry of a default judgment.  Failure to make discovery will not satisfy the "evidence satisfactory to the court" provision of 28 U.S.C. § 1608(e).

It is by the Court *sua sponte*

- 2 -

**ORDERED** that plaintiff may have an additional six months from the date of this order in which to accumulate whatever evidence they believe supports their claims and to move for a default judgment.  An evidentiary hearing is set for **Thursday, August 18, 2005 at 10:00 a.m.**


>                                JAMES ROBERTSON
>                                United States District Judge